UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM TED HOLLIDAY,

   Petitioner,

v.                                                 Case No. 3:24cv591-LC-HTC

RICKY DIXON,

   Respondent.
_____/

REPORT AND RECOMMENDATION

Petitioner William Ted Holliday, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254, challenging a judgment and sentence rendered in Escambia County Circuit Court Case Number 2004-CF-4875. Doc. 1. Having reviewed the petition and the state court records submitted by the Respondent (Docs. 28, 29), the undersigned finds the Court lacks jurisdiction over the petition because it is an unauthorized successive petition. Namely, Holliday filed a petition in 2008 attacking the same judgment and conviction. The undersigned, therefore, finds the petition should be *sua sponte* DIMISSED WITHOUT PREJUDICE for lack of jurisdiction.

I.    **Background**

After a jury trial, Holliday was convicted of sexual battery and burglary of a structure. Doc. 28-1 at 40. On June 23, 2005, the circuit court sentenced Holliday

as a habitual violent offender to 15 years' imprisonment and 15 years' sex offender probation on the sexual battery count and 5 years on the burglary count (to run concurrent with count one). *Id.* at 161-66.

Holliday appealed the judgment and sentence to the First District Court of Appeal ("First DCA"), which affirmed the judgment on July 31, 2006. Doc. 28-7. He then filed a state habeas corpus petition with the First DCA alleging ineffective assistance of appellate counsel, and the First DCA denied the petition "on the merits" on October 27, 2006. Doc. 28-10. On November 30, 2006, Holliday filed a Florida Rule 3.850 motion challenging the conviction which the circuit court addressed on the merits and denied on May 8, 2007. Doc. 28-13 at 37. He appealed the denial of the Rule 3.850 motion to the First DCA, which affirmed without written opinion. Doc. 28-15; *see also,* Doc. 28-16 (mandate issued on May 13, 2008).

On May 5, 2008, Holliday filed a federal habeas petition challenging the judgment and conviction.[1] *See Holiday v. State of Florida*, 3:08-cv-00190-RV-WCS (N.D. Fla.).[2] The court addressed the petition on the merits and denied it with prejudice. *See id.,* at Doc. 46 (Feb. 5, 2010).

---

[1] Despite having filed that petition, Holliday failed to disclose it on the current petition form when asked, "Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?" Doc. 1 at 16. Instead, Holliday identified only *Holliday v. Inch*, 3:19cv4945-RV-EMT, which was a conditions of confinement case alleging Escambia County Jail officials failed to protect him from assaults by other inmates.
[2] Although the petitioner's name in 3:08cv190 was entered as "Holiday," the petition shows that petitioner gave his name as "Holliday" in that case, and the FDOC number listed, P27800, is the same as in the instant case.

Case No. 3:24cv591-LC-HTC

After his 2008 federal petition was denied, Holliday then filed a series of state motions attacking his conviction, each of which were dismissed as procedurally barred. Docs. 28-17 to 28-29. Eventually, on September 20, 2012, the state circuit court issued an order prohibiting future *pro se* pleadings in Holliday's underlying criminal action. Doc. 28-29 at 346. Holliday appealed that order, and the First DCA affirmed without a written opinion. *See Holliday v. State*, 108 So. 3d 1082 (Fla. 1st DCA 2013); *see also,* Doc. 29-2 (mandate issued on March 12, 2013). Despite the litigation injunction order, Holliday continued to file numerous challenges to his conviction from 2014 to 2021 which were filed but not responded to by the circuit court. Docs. 29-3 to 29-22.

On October 21, 2019, Holliday was released from prison and began his fifteen years of sex offender probation. Doc. 29-23 at 32. On June 30, 2022, after an evidentiary hearing, the circuit court found Holliday had violated his probation in several ways (Doc. 29-23 at 168), revoked the probation, and sentenced him to 20 years' imprisonment with credit for the prior 15-year sentence and for jail time since the arrest on the violation of probation. *Id.* at 174. The court entered the written judgment of conviction for the probation violation on July 1, 2022. *Id.* at 57. Holliday appealed the violation judgment and sentence and the First DCA affirmed

without a written opinion on December 12, 2023.[3] *Holiday v. State*, 379 So. 3d 492 (Fla. 1st DCA 2023).

While that appeal was pending, Holliday also filed a flurry of postconviction motions. For example, on June 3, 2022, he asked the First DCA to lift the prohibition from him filing *pro se* filings. Doc. 30-9. However, the First DCA dismissed the case on January 18, 2023, because Holliday failed to comply with instructions. Doc. 30-12. At the same time, Holliday asked the circuit court to lift the filing ban, so that it could rule on a motion under Florida Rule of Criminal Procedure 3.800(a) that Holliday attached. Doc. 30-13 at 13. The circuit court denied the motions. *Id.* at 59. Holliday appealed the denial of those motions, but the First DCA dismissed that appeal on November 21, 2022, for failure to follow instructions. Doc. 30-15.

In the meantime, Holliday incurred new charges in Escambia County for failing to register properly as a sex offender. *See* Case No. 2022-CF-970. He entered a plea of no contest on one count on August 9, 2022, and the State dismissed the other two counts. Doc. 30-17 at 1. He was sentenced to five years, to be served concurrently with the violation of probation sentence in 2004-CF-4875. *Id.* at 4. Holliday did not appeal that judgment and sentence.

---

[3] Holliday has also filed a federal habeas petition attacking the violation of probation sentence, which is pending before this Court. *See Holliday v. State of Florida,* 3:25cv264-LC-HTC.

Case No. 3:24cv591-LC-HTC

On February 22, 2024, Holliday filed a motion for postconviction relief, which the circuit court construed as attacking both the judgment and sentence in the failure to register case (2022-CF-970) and for the violation of probation in 2004-CF-4875. Doc. 30-18. On December 18, 2024, Holliday filed a response claiming that the new violation in 2022-CF-970 was "interrelated" to the VOP in 2004-CF-4875. Doc. 30-25. Holliday also filed a supplement (Doc. 30-26) and a motion for evidentiary hearing or dismissal (Doc. 31-1).

On April 10, 2025, the court entered an order in both cases denying all the motions. Doc. 31-2. The court stated that Holliday raised three claims in the amended 3.850 motion, all appearing to be based on the violation of probation proceedings in Case No. 2004-CF-4875. *Id.* at 3. The court noted that Holliday had been prohibited from filing *pro se* pleadings in that case and that the instant motion was an unauthorized improper attempt to circumvent that order. *Id.* at 3-4. The court also found that Holliday failed to state any cognizable claim for relief as the "entire motion is clearly an attempt to relitigate the revocation of probation proceedings in 2004-CF-4875." *Id.* A review of the electronic docket in Escambia County cases 2004-CF-4875 and 2022-CF-970, as well as the First DCA shows that Holliday has not appealed that circuit court order.

Case No. 3:24cv591-LC-HTC

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), before filing a second or successive § 2254 petition in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Eleventh Circuit, a second petition is subject to dismissal as an improper or successive petition. Indeed, a district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *See Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that the district court lacked jurisdiction to entertain a second habeas petition because prisoner failed to obtain an order from the court of appeals authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Here, as stated above, Holliday filed a federal habeas petition in 2008 attacking the judgment and conviction for sexual battery and burglary arising in case number 2004-CF-4875. *See Holliday v. State of Florida*, 3:08-cv-00190-RV-WCS. In the amended petition in that case, Holliday identified case number 04-4875 as the conviction being challenged with a judgment date of May 26, 2005. *See id.,* at Doc. 5. He raised three grounds for relief: (1) appellate counsel was ineffective for failing to argue that he was tried after his Speedy Trial period expired; (2) the trial court

Case No. 3:24cv591-LC-HTC

erred in denying his motion to suppress statements he made after he was held and questioned without being given his *Miranda* rights; and (3) trial or appellate counsel was ineffective for failing to acquire medical personnel to conduct an "absorption test" to determine if a lubricant was used during the incident. *See id.* The Magistrate Judge issued a 22-page Report and Recommendation addressing the first two claims on the merits and finding the third procedurally defaulted. *See id.* at Doc. 43. The District Judge adopted and incorporated the Report and Recommendation and dismissed the amended petition with prejudice. *See id.* at Doc. 46.

In the instant federal habeas petition before this Court, Holliday once again seeks to vacate the original sexual battery and burglary judgment and sentence in case number 2004-CF-4875. Holliday identifies case number "04-4875" as the case number for the judgment he is challenging, identifies the date of the judgment of conviction as "May 23, 2005," and describes his sentence as 15 years' imprisonment followed by 15 years of probation. Doc. 1. Moreover, all grounds for relief involve conduct or omissions that occurred during the trial in that underlying criminal case. Finally, as relief, Holliday seeks "relief from the charge of sexual battery and burglary (or) retrial including relief from the prohibition order issued September 20, 2012." Doc. 1 at 19.

Because Holliday has already filed one petition challenging the sexual battery and burglary judgment and conviction rendered in the First Judicial Circuit in and

Case No. 3:24cv591-LC-HTC

for Escambia County Florida, in 2004-CF-4875, Holliday's petition is an unauthorized successive petition. Holliday does not allege he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing the instant § 2254 petition. Holliday's failure to obtain permission from the Eleventh Circuit prior to filing the instant petition operates as a jurisdictional bar that precludes this Court's consideration of the merits of the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Fugate*, 310 F.3d at 1288. Thus, the petition should be *sua sponte* DISMISSED WITHOUT PREJUDICE.[4]

## III.  Conclusion

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, whether the petition is successive does

---

[4] A court does not err by *sua sponte* dismissing a § 2254 petition so long as it gives petitioner notice of its decision and an opportunity to be heard in opposition. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (holding that the district court did not err by *sua sponte* dismissing plainly untimely § 2254 petition where the court provided the petitioner with "adequate notice and an opportunity to respond") (quotation marks omitted). This Report and Recommendation provides Holliday an opportunity to file objections and, thus, affords him both notice and a reasonable opportunity to respond. *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (holding that plaintiff "was afforded both notice and a reasonable opportunity to oppose" procedural default when he was given an opportunity to object to the magistrate judge's Report and Recommendation that "placed [him] on notice that procedural default was a potentially dispositive issue").

Case No. 3:24cv591-LC-HTC

not turn on any contested factual issue. Therefore, an evidentiary hearing would not assist in determining whether Petitioner is entitled to relief and is not warranted.

Also, the court should not rule on a certificate of appealability ("COA") because a COA is unnecessary when dismissing a case as successive. *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020) ("Although generally appeals from § 2254 proceedings require a certificate of appealability ('COA'), no COA is necessary to appeal the dismissal for lack of subject matter jurisdiction of a successive habeas petition because such orders are not 'a final order in a habeas corpus proceeding.'") (citing *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004)).

Accordingly, it is respectfully RECOMMENDED:

1. That the petition (Doc. 1) be DISMISSED for lack of jurisdiction because the petition is an unauthorized successive petition.

2. That all pending motions be TERMINATED.[5]

3. That the clerk be directed to close the file.

---

[5] In addition to filing the state record, the Respondent also filed a motion to dismiss or for a stay, arguing that the petition contained exhausted and unexhausted claims because Holliday still has time to petition the First District Court of Appeal for a belated appeal of his last postconviction decision. Doc. 26. That motion is without merit for several reasons, including that there is no authority to suggest a stay is appropriate because of a potential that a petitioner might file a petition for belated appeal and that such petition might be granted. Moreover, the last postconviction decisions from which any belated appeal could be sought do not relate to the sexual battery and burglary judgment and conviction but, instead, to the violation of probation judgment. Regardless, because this Court lacks jurisdiction over this petition, the motion should be terminated as moot.

Case No. 3:24cv591-LC-HTC

At Pensacola, Florida, this 8th day of September, 2025.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.